Brad **BUONASERA**, et al., Plaintiffs,

v.

The **HONEST COMPANY, INC.**, Defendant.

**16 Civ. 1125(VM)**

United States District Court, S.D. New York.

Signed 06/22/2016

the Weaver stamp companies that are parties to this action. See Wilson Decl. ¶ 39.

Adrienne D. McEntee, Beth Ellen Terrell, Terrell Marshall Daudt & Willie PLLC, Seattle, WA, Douglas Gregory Blankinship, Todd Seth Garber, Finkelstein Blankinship, Frei-Pearson & Garber, LLP, White Plains, NY, Javier Osvaldo Hidalgo, Kim Eleazer Richman, The Richman Law Group, Brooklyn, NY, Yvette Golan, The Golan Firm, Houston, TX, for Plaintiffs.

Jonathan Paul Bach, Lauren Gerber Lee, Rebecca Welsh, Cooley LLP, New York, NY, William P. Donovan, Cooley LLP, Santa Monica, CA, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

On April 20, 2016, Brad Buonasera ("Buonasera") filed an amended complaint on behalf of himself and all others similarly situated (collectively "Plaintiffs"), alleging four causes of action against The Honest Company, Inc. ("Honest"): (1) violation of the New York General Business Law Section 349 ("Section 349"); (2) violation of the New York General Business Law Section 350 ("Section 350"); (3) breach of an express warranty; and (4) unjust enrichment. (Dkt. No. 27.)

By letter dated June 6, 2016, Buonasera requested a pre-motion conference regarding its anticipated motion to appoint Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), The Golan Firm ("Golan"), The Richman Law Group ("RLG"), and Terrell Marshall Law Group PLLC ("TMLG") (collectively, "Proposed Interim Counsel") as interim co-lead class counsel. (Dkt. No. 31.) Honest does not oppose this request (id.), and no other plaintiffs have filed a motion seeking the appointment of different interim counsel. The Court construes Buonasera's letter as a motion to appoint interim class counsel ("Motion") pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure

("Rule 23(g)(3)"). For the reasons stated below, Buonasera's Motion is GRANTED.

## I. DISCUSSION

### A. LEGAL STANDARD

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" Manual For Complex Litigation (Fourth) § 21.11 (2004). When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure ("Rule 23(g)(1)(A)"). See In re Mun. Derivatives Antitrust Litig., 252 F.R.D. 184, 186 (S.D.N.Y.2008); see also In re Air Cargo Shipping, 240 F.R.D. 56, 57 (E.D.N.Y.2006). Rule 23(g)(1)(A) provides that the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

### B. APPLICATION

Upon review of Buonasera's Motion, the Court finds that the Proposed Interim Counsel meet the above four factors.

First, the Court is satisfied that the work done thus far by the Proposed Interim Counsel in identifying or investigating potential claims weighs in favor of their appointment as interim lead counsel. As outlined in the Motion, Proposed Interim Counsel have "conducted the first and ... the most exhaustive investigation in the products at issue in this suit." (Dkt. No. 31 at 2.) The Proposed Interim Counsel have also analyzed the ingredients at issue, researched relevant case law, and reviewed publicly available information regarding Honest's products. (Id.) Furthermore, the Proposed Interim Counsel first informed Honest that Buonasera intend-

ed to file a complaint in September of 2015. (Id.) After months of active communications regarding a possible resolution, Proposed Interim Counsel filed the initial complaint on behalf of Plaintiffs in February of 2016. (Id.) The Court therefore concludes that these events demonstrate that the Proposed Interim Counsel have a substantial history of investigating the potential claims in this action.

Second, the Court is persuaded that Proposed Interim Counsel possess the necessary experience handling class actions, complex litigation, and the types of claims alleged in this action. Similarly, the Court finds that the Proposed Interim Counsel possess the relevant knowledge of consumer class actions involving alleged product mislabeling to serve effectively as interim class counsel.

Finally, as for the resources that Proposed Interim Counsel will likely commit to representing the Plaintiffs, the Court finds that this factor also weighs in favor of appointment as interim class counsel. Proposed Interim Counsel include four law firms, which together have substantial resources including a total of 88 attorneys in three different states. Furthermore, it is evident from the work that Proposed Interim Counsel have undertaken to investigate the claims at issue here that they are willing to expend substantial resources in representing the class.

Accordingly, upon consideration of the Motion, the Court finds that the Proposed Interim Counsel meet the factors under Rule 23(g)(1)(A) and should be appointed as interim class counsel.

## II. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of plaintiff Brad Buonasera ("Buonasera") to appoint Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), The Golan Firm ("Golan"), The Richman Law Group ("RLG"), and Terrell Marshall Law Group PLLC ("TMLG") (collectively, "Proposed Interim Counsel") as interim co-lead class counsel (Dkt. No. 31) is GRANTED.

**SO ORDERED.**