### IN RE: AMLA LITIGATION

**Sharon Manier, Dorothy Riles, and Lakeytra Nero, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**L'Oreal U.S.A., Inc., and Softsheen–Carson LLC, Defendants.**

16–cv–6593 (JSR)
17–cv–111 (JSR)

United States District Court,
S.D. New York.

Signed March 8, 2017

Andrea Gold, Jonathan K. Tycko, Tycko & Zavareei, LLP, William Harold Anderson, Cuneo Gilbert & Laduca, LLP, Washington, DC, Nick Suciu, III, Barbat Mansour & Suciu PLLC, Detroit, MI, John A. Yanchunis, Rachel L. Soffin, Jonathan Betten Cohen, Morgan & Morgan, P.A., Tampa, FL, Elizabeth S. Metcalf, Peter George Safirstein, Safirstein Metcalf LLP, Charles Joseph LaDuca, Cuneo Gilbert & LaDuca, LLP, New York, NY, Ling Y. Kuang, Michael Andrew McShane, S. Clinton Woods, Audet & Partners, LLP, San Francisco, CA, for Plaintiff.

M. D. Scully, Gordon & Rees LLP, San Diego, CA, Nora Coleman, Scott Lawrence Haworth, Ilene R. Goodman, Haworth Coleman & Gerstman, LCC, New York, NY, Peter George Siachos, Gordon & Rees, LLP, Florham Park, NJ, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

Before the Court are two competing motions to appoint interim class counsel pursuant to Federal Rule of Civil Procedure 23(g) (3) in these consolidated putative class actions. The plaintiffs in the cases consolidated under the In re Amla Litigation docket, 16–cv–6593 (JSR), seek the appointment of Rachel Soffin, of Morgan & Morgan Complex Litigation Group, and Charles J. LaDuca, of Cuneo Gilbert & LaDuca LLP, as co-lead counsel, and Elizabeth Metcalf, of Safirstein Metcalf LLP, as local liaison counsel (collectively, the "Amla Group"). The plaintiffs in Manier et al. v. L'Oreal U.S.A., Inc. et al., 17–cv–111 (JSR), which was transferred to this district from the Central District of California and consolidated with In re Amla, move to appoint Lori Feldman and Rosemary Rivas, of Levi & Korsinsky LLP, and Mark Geragos, of Geragos & Geragos, APC, as co-lead counsel (collectively, the "Manier Group").

■ "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g) of the Federal Rules of Civil Procedure." Buonasera v. Honest Co., Inc., 318 F.R.D. 17, 18 (S.D.N.Y. 2016). In that regard, Rule 23(g) instructs courts to consider:

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and

the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Where, as here, "more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

█ In light of the briefing on the motions and the presentations of counsel at a hearing on February 28, 2017, the proposed counsel for both of the competing groups appear fully experienced and competent. While, as the Manier group argues, the Amla Group initially proposed an unwieldy, expensive, and burdensome arrangement, in their instant motion they have narrowed their proposal to provide a simplified structure that is no more complex than that proposed by the Manier Group.

█ However, a review of the retainer agreements that each side entered with the individual plaintiffs is revealing. For example, in its retainer agreement, Morgan & Morgan, co-lead counsel in the Amla Group's proposed structure (and primary lead counsel for the Amla Group at the hearing held on these motions), contracted with its individual plaintiffs for the firm to receive (subject to Court approval) no less than 40% of the total recovery if the case proceeds to litigation and an additional 5% if the case continues on appeal.[1] This proposal, which was not negotiated in any meaningful way with the signatory plaintiffs but was simply foisted upon them, is, in the Court's view, unreasonable on its face. In an era when class actions have repeatedly come under criticism for being of the lawyers, by the lawyers, and for the lawyers, a proposal that would put nearly half of any recovery in the pockets of the lawyers suggests that the Amla Group does not have sufficient concern for the welfare of its own clients as to make it the appropriate lead counsel in these cases.[2]

█ This conclusion was further confirmed at the February 28 hearing by the Court's inquiry of the individual plaintiffs represented by the Amla Group, who made clear that they had had only the most rudimentary contact with their lawyers and that they barely understood, if at all, the leadership role that they would be expected to play in this case. In contrast, Dorothy Riles, who is represented by the Manier Group, testified that counsel had explained to her that she might be deposed, what such a deposition would entail, and that she would have certain additional responsibilities as a lead plaintiff. See Tr. dated Feb. 28, 2017 at 71–72.

Accordingly, for those reasons, the Court appoints the firms of Levi & Korsinsky LLP and Geragos & Geragos, APC as co-lead interim class counsel. Those counsel are hereby directed to consult with other counsel and file a consolidated amended complaint by Friday, March 17.

SO ORDERED.

---

1. The other co-lead counsel in the Amla Group structure, Cuneo Gilbert & LaDuca LLP, is not a signatory to a retainer agreement with any of the individual plaintiffs but has appeared on behalf of Delicia Taylor, who signed a retainer agreement with co-counsel Audet & Partners LLP. Under that similarly unreasonable agreement, if the case is certified as a class action, the attorneys will seek up to 33% of any recovery. If the case is not certified as a class action, the agreement rather dubiously provides that the attorneys may withdraw from continued representation of the client, or, if they continue their representation, the attorneys will be entitled to 33% of the recovery if the case is settled before a trial is set and 40% if the case is resolved after a trial is set.

2. The retainer agreement provided by Levi & Korsinsky, proposed co-lead counsel in the Manier Group, does not specify what fraction of the recovery the attorneys will seek, though it does state that the plaintiffs will not be responsible for costs. At the hearing, Ms. Feldman represented that her firm discusses fees with clients on a case-by-case basis, and that in this case the clients had been informed that the attorneys would seek a fee ranging between 20 and 30% of the ultimate recovery. Tr. dated Feb. 28, 2017 at 62–63.